# THE ATTORNEY GENERAL
## OF TEXAS
GERALD C. MANN       AUSTIN 11, TEXAS
JC⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛
ATTORNEY GENERAL


Honorable Houghton Brownlee, Chairman
Nominations Committee
The Senate
Austin, Texas

Dear Mr. Brownlee:                    Opinion No. 0-5280

Re: Necessity of confirmation by
the Senate of the appoint-
ment of a member of the Board
of the Nueces River Conserva-
tion and Reclamation District.

We beg to acknowledge receipt of your letter of May 6, 1943, submitting the following question for the opinion of this department:

"Is it necessary for the appointment of a member of the Board of the Nueces River Conservation and Reclamation District to be confirmed by the Senate?"

Members of the Board of Directors of the Nueces River Conservation and Reclamation District hold State offices. Lower Colorado River Authority v. McCraw, 125 Tex. 268, 83 S. W. (2) 629.

The Act creating the Nueces River Conservation and Reclamation District provides that members of the Board of Directors of the District shall be appointed to office by "designation of the Board of Water Engineers, subject to the approval of the Governor." (Section 6, Acts of 1935, 44th Legislature, 1st. Called Session, p. 1660, Ch. 27, as amended by Acts of 1937, 45th Legislature, 2d Called Session, p. 1891, Ch. 20, Sec. 2). In other words, the Legislature has vested in the Board of Water Engineers the power to name the Directors of the District, and has placed the power to confirm or reject the Directors thus named with the Governor.

Article 4, Section XII, of the Texas Constitution, provides:

"All vacancies in state or district offices except members of the Legislature, shall be filled unless otherwise provided by law, by appointment of the Governor, which appointment, if made during its session, shall be with the advice and consent of two-thirds of the Senate present. If made during the recess of the Senate, the said appointee, or some other person to fill such vacancy, shall be nominated to the Senate

during the first ten days of its session. If rejected, said office shall immediately become vacant, and the Governor shall, without delay, make further nominations, until a confirmation takes place. But should there be no confirmation during the session of the Senate, the Governor shall not thereafter appoint any person to fill such vacancy who has been rejected by the Senate; but may appoint some other person to fill the vacancy until the next session of the Senate or until the regular election to said office, should it sooner occur. Appointments to vacancies in offices elective by the people shall only continue until the first general election thereafter."

It is to be noted that this Section of the Constitution provides that appointments to State and district offices shall be made by the Governor "unless otherwise provided by law". Thus, the Section expressly allows the Legislature to vest by law the power of appointment to fill State or district offices in an officer or agency of the State other than the Governor. All "appointments" to State and district offices made by the Governor are subject to confirmation by the Senate, under the terms of this Section of the Constitution. Denison v. State, 61 S. W. (2) 1017, writ ref., 61 S. W. (2) 1022; See, also, our Conference Opinion No. 0-3076 and our Opinion No. 0-4864. But Section XII does not require confirmation by the Senate where the Legislature has vested the appointing power in another than the Governor.

Thus, the inquiry here is whether the Governor, in approving or rejecting the nominees of the Board of Water Engineers, is "appointing" persons to fill the offices of Directors of the Board of the District, within the meaning of the Constitution, Article 4, Section XII.

In Conference Opinion No. 0-3076, we held that the word "appointment" in Article 4, Section XII, as applied to the Governor's action, meant "nomination"; that the appointment to office required joint action, to-wit, nomination by the Governor and confirmation by the Senate. Thus, freely translated, Section XII of Article 4 provides that where the power to name the person who shall fill State and district offices shall remain in the Governor, those named by the Governor shall be subject to confirmation or rejection by the Senate. In the Act under consideration, the Governor is not given the power to nominate the Board of Directors of the District. That power is vested in the Board of Water Engineers. The power given to the Governor is purely negative in character. He cannot name the Board members, but can exercise only the power to approve or reject those named by the Board of Water Engineers. Since the Constitution requires confirmation by the Senate only where the power of nominating the person to fill a State or district office is exercised by the Governor, it follows that, in the absence of a provision in the law creating the Nueces District requiring

Honorable Houghton Brownlee - page 3 (O-5280)


confirmation by the Senate in addition to confirmation by the Governor, it is not necessary that the appointment of a member of the Board of the District be confirmed by the Senate.

                                        Very truly yours

APPROVED MAY 7, 1943                     ATTORNEY GENERAL OF TEXAS

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS                By  /s/ R. W. Fairchild
                                             R. W. Fairchild
                                             Assistant

RWF-MR-LM


                         APPROVED
                         OPINION
                         COMMITTEE
                         BY /s/ GPB
                           CHAIRMAN